[Cite as *Porter v. Ohio Dept. of Transp., Dist. 11*, 2011-Ohio-4154.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TRICIA K. PORTER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

    Case No. 2011-02719-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Tricia Porter, filed this action against defendant, Department of Transportation (ODOT), contending her 2007 Chevrolet Cobalt was damaged as a proximate result of negligence on the part of ODOT personnel in maintaining a hazardous condition on US Route 22 in Jefferson County. In her complaint, plaintiff provided a narrative description of her damage event recording she was traveling east on US Route 22 when "my car went into huge pothole that was in the road which caused my left driver side tire to go flat and off the rim." Plaintiff recalled the particular damage incident occurred on January 31, 2011 at approximately 6:35 a.m. Plaintiff requested damages in the amount of $303.87, the total cost of replacement parts. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's January 31, 2011 described occurrence. Defendant located the pothole "between mileposts 14.93 and 15.02 on US 22 in Jefferson County." Defendant

explained ODOT records show no reports of a pothole on US Route 22 in the vicinity of plaintiff's incident prior to January 31, 2011. Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to January 31, 2011. Defendant suggested, "it is likely the pothole existed for only a short time before the incident."

{¶3} Furthermore, defendant contended plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related the ODOT "Jefferson County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident on US 22 the last time that section of roadway was inspected prior to January 31, 2011. Defendant's maintenance records show potholes were patched in the vicinity of plaintiff's incident on January 13, 2011, January 18, 2011, and January 31, 2011.

{¶4} Plaintiff filed a response suggesting that other unidentified drivers had suffered similar property damage from hitting the same pothole a week earlier than plaintiff's incident. Nonetheless, plaintiff failed to provide statements from these individuals and defendant denied receiving any notification that any drivers had hit this pothole during the week prior to plaintiff's event. .

{¶5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.   *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.   *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.   There is no evidence defendant had actual notice of the pothole on US  Route 22 prior to the morning of January 31, 2011.

{¶8}   Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect.   The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed.   *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶9}   In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.   *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.   Size of the defect is insufficient to show notice or duration of existence.   *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.   "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."   *Bussard,* at 4.   "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."   *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.   There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.   *Denis v. Department of Transportation*

(1976), 75-0287-AD. The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident three times in the three-week period preceding January 31, 2011 does not prove negligent maintenance of the roadway on the part of ODOT. See *Maynard v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-03730-AD, 2004-Ohio-3284; *Marcis v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-05830-AD, 2004-Ohio-4830.

{¶11} Plaintiff has not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that her property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.

 Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TRICIA K. PORTER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 11

    Defendant

    Case No. 2011-02719-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Tricia K. Porter
835 Buena Vista Blvd.
Steubenville, Ohio  43952

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
5/6
Filed 5/24/11

Sent to S.C. reporter 8/19/11